UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
MISTY VAINWRIGHT              :    Civ. No. 3:15CV01025(JCH)
                              :
v.                            :
                              :
NANCY BERRYHILL,              :
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :    August 15, 2017
                              :
------------------------------x

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b)(1) [Doc. #31]

Plaintiff Misty Vainwright ("plaintiff") has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b)(1). [Doc. #31]. Defendant, Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "defendant" or the "Commissioner") has not responded to plaintiff's motion. For the reasons articulated below, plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b)(1) [**Doc. #31**] is **GRANTED** in the amount of **$12,709.75**.

**A. Background**

On December 6, 2013, plaintiff applied for disability insurance benefits claiming that she had been disabled since September 1, 2013. (Doc. #8, Certified Transcript of the Record, Compiled on August 6, 2015, (hereinafter "Tr.") Tr. 174-76). Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on November 10, 2014. (Tr. 75-

1

95). After exhausting her administrative remedies, plaintiff filed the Complaint in this case on July 6, 2015. [Doc. #1]. On September 23, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #8]. On December 17, 2015, plaintiff filed her Motion for Judgment on the Pleadings, seeking to reverse and/or remand the Commissioner's decision ("Motion to Reverse"), along with a supporting memorandum. [Doc. ##15-16].[1] On March 14, 2016, the Commissioner filed a Motion to Affirm the Decision of the Commissioner ("Motion to Affirm"). [Doc. #21]. On July 11, 2016, the undersigned issued a Recommended Ruling, recommending that plaintiff's Motion to Reverse be granted and that the Commissioner's Motion to Affirm be denied. [Doc. #23]. On July 19, 2016, defendant filed an objection to the Recommended Ruling [Doc. #24], to which plaintiff filed a response. [Doc. #25]. On August 25, 2016, Judge Janet C. Hall overruled defendant's objection, and affirmed, adopted and ratified the Recommended Ruling. [Doc. #26]. Judgment was entered on August 31, 2016. [Doc. #27].

On November 16, 2016, plaintiff filed a stipulation for allowance of fees in the amount of $4,753.70 under the Equal

---

[1] The Court initially denied plaintiff's motion without prejudice to re-filing for failure to abide by the Court's scheduling order. See Doc. #17. On January 15, 2016, plaintiff timely re-filed her Motion to Reverse, and supporting memorandum, in compliance with the Court's scheduling order. [Doc. ##18, 19].

2

Access to Justice Act ("EAJA"). [Doc. #29]. Judge Hall granted and so ordered the fee stipulation on November 17, 2016. [Doc. #29].

Plaintiff's counsel represents that on September 20, 2016, the Appeals Council vacated the final decision of the Commissioner and remanded the case for another administrative hearing, which was held on January 31, 2017, before ALJ John Aletta. See Doc. #31-2 at 2. On March 10, 2017, ALJ Aletta found plaintiff disabled as of September 1, 2013. See id. at 2-3. Plaintiff and each of her three minor children received a Notice of Award dated June 21, 2017, delineating the amounts each would receive as a result of the ALJ's finding of disability. See Doc. ##31-3, 31-4. The Notices state: "We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee." Doc. #31-3 at 7; Doc. #31-4 at 14, 18, 22. The SSA withheld $9,145.00 from plaintiff's past due benefits, and $1,188.25 from the past due benefits awarded to each of plaintiff's three minor children, for a total amount withheld of $12,709.75. See id.

Plaintiff's counsel now seeks an award of $12,709.75 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the contingency fee agreement executed by plaintiff on May 26, 2015. See Doc. #31-3.

3

**B. <u>Legal Standard</u>**

"Whenever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, but that fee may not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled." <u>Blizzard v. Astrue</u>, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. §406(b)(1)(A) (internal quotation marks omitted)). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." <u>Wells v. Sullivan</u>, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking

4

the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 545, 546 (W.D.N.Y. 2005)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard, 496 F. Supp. 2d at 325, and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

## C. Discussion

The Court begins with a review of the "U.S. District Court Retainer Agreement and Assignment," signed by plaintiff on May

5

26, 2015 (the "Agreement"). [Doc. #31-3]. The Agreement provides for a presumptively reasonable fee of "twenty-five percent (25%) of the past due benefits due [plaintiff] and [her] family pursuant to 42 U.S.C. §406 of the Social Security Act." Id. Considering the plain language of the Agreement, and the factors recited in Sama, the requested fee is reasonable.

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2. Plaintiff's counsel achieved a fully favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining an award of past-due benefits.

Second, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee. Plaintiff's counsel sought a brief extension of time in which to file plaintiff's Motion to Reverse, and otherwise complied with all filing deadlines. See, e.g., Doc. #13.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Id. Plaintiff's counsel and other members of his firm collectively spent 24.60 hours working on this case at the district court level. See Doc. #31-3. The EAJA fees previously awarded in this action totaled $4,753.70 for 24.60 hours of

6

work. See Doc. #29; see also Doc. #31-3. The fee now requested pursuant to 406(b) -- $12,709.75 -- translates to an hourly rate of $516.66, which is significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama, 2014 WL 2921661, at *4 (approving section 406(b) fee award with a comparable hourly rate of $785.30); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 455-57 (W.D.N.Y. 2005) (approving section 406(b) fee award in the total amount of $38,116.50 for 42.75 hours of work, representing an hourly rate of $891.61); Destefano v. Astrue, No. 05CV3534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award with a comparable hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). The Court finds that the fee now requested pursuant to section 406(b) is reasonable and would not be a windfall to plaintiff's counsel.

Accordingly, the requested attorney's fees in the amount of $12,709.75 will be awarded to plaintiff's counsel. However, as acknowledged by plaintiff's counsel, he must return to plaintiff the $4,753.70 previously awarded by the Court under the EAJA. See Doc. #31-4 at 2-3; see also Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must

7

refund to the claimant the amount of the smaller fee." (citation and internal quotation marks omitted)).

**D. Conclusion**

For the reasons set forth herein, plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b)(1) [**Doc. #31**] is **GRANTED**. Plaintiff's counsel is entitled to attorney's fees in the amount of **$12,709.75**. Upon receipt of this award, Attorney Binder is ordered to refund to plaintiff the amount of **$4,753.70**.

This is not a Recommended Ruling. This is an order regarding attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 15th day of August, 2017.

                                                  /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES MAGISTRATE JUDGE